IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROY L. KENT, SR., | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:21-CV-698-ECM-KFP |
| | ) |
| PORTFOLIO RECOVERY | ) |
| ASSOCIATES, LLC, | ) |
| | ) |
|    Defendants. | ) |

## RECOMMENDATION OF MAGISTRATE JUDGE

Upon consideration of Defendant's Motion to Dismiss (Doc. 12), the undersigned RECOMMENDS that the motion be GRANTED, as set forth below.

**I.  INTRODUCTION**

Pro se Plaintiff Roy L. Kent filed a Statement of Claim in the Small Claims Court of Montgomery County, Alabama, alleging that Defendant Portfolio Recovery Associates, LLC owed him $6,000 for violating the Fair Credit Reporting Act ("FCRA") by "refusing to remove inaccurate information" from his credit reports. Doc. 1-1 at 1. Plaintiff also alleged "[t]he Defendant do[es] not have any binding signed agreement with Plaintiff concerning any accounts reported." Doc. 1.

Defendant removed the case to this Court and later filed a Motion for More Definite Statement claiming Plaintiff's allegations were vague as to "whether the alleged violation of the FCRA arises out of an alleged failure to remove inaccurate information or an alleged

lack of a binding signed agreement with Plaintiff."[1] Doc. 4. The Court granted Defendant's motion and directed Plaintiff to file an Amended Complaint that provided "sufficient factual matter that, accepted as true, states a claim for relief that is plausible on its face . . . ." Doc. 6. The Court suggested Plaintiff provide, for example, "information that Plaintiff claims is incorrect, when it was reported, and details about when and how Defendant refused to remove the inaccurate information." Doc. 6.

Plaintiff thereafter filed a document titled "Response to More Definite Statement," which the Court construes to be his Amended Complaint. This time, Plaintiff claimed that Defendant "violated the provisions of Public Laws 95-109 and 99-361, also known as the Fair Debt Collection Practices Act[,]" and he supported his claim with three factual allegations: Defendant continued reporting negative information after receiving Plaintiff's cease-and-desist letters, had no binding contract with Plaintiff, and reported "derogatory information on all three Credit Reports." Doc. 10. Defendant subsequently filed the pending Motion to Dismiss, arguing the Amended Complaint still lacks sufficient factual support and, even if the allegations are taken as true, fails to state a claim under the FDCPA. Doc. 12. Plaintiff filed a Response to Defendant's Motion to Dismiss and attached several exhibits as factual support for his claims. Doc. 16, Exhibits A–E. As explained below, the Court agrees that Plaintiff's Amended Complaint is factually insufficient, and, even if

---

[1] Defendant also argued that Plaintiff's Complaint was improperly formatted and that his claim for court costs and interests was vague and did not constitute a substantive demand for damages. Doc. 4. In its order, the Court disagreed with Defendant that Plaintiff's Complaint was improperly formatted and that his claim for damages was unclear. Doc. 6.

2

considered sufficient and truthful, his allegations fail to state a claim upon which relief can be granted.

## II. LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While detailed factual allegations are not required, a plaintiff must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555 (noting that, although a court must accept all factual allegations in a complaint as true at the motion to dismiss stage, it need not "accept as true a legal conclusion couched as a factual allegation")). Rule 12(b)(6) "is not designed to strike inartistic pleadings or to provide a more definite

statement to answer an apparent ambiguity, and the analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368–69 (11th Cir. 1997).

Generally, complaints by pro se plaintiffs are read more liberally than those drafted by attorneys. *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008). Still, "the district court does not have license to rewrite a deficient pleading." *Id.* (citing *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (relying on *Iqbal*, 556 U.S. at 678). The Court treats factual allegations as true, but it does not treat conclusory assertions or a recitation of a cause of action's elements as true. *Id.* (citing *Iqbal*, 556 U.S. at 664). Moreover, a pro se litigant "is subject to the relevant laws and rules of court including the Federal Rules of Civil Procedure." *Id.* (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).

### III.   DISCUSSION

Despite having a second chance to set forth his claims, Plaintiff's Amended Complaint still contains conclusory allegations and lacks the requisite factual support. *Iqbal*, 558 U.S. at 678; *Twombly*, 550 U.S. at 557. Even if Plaintiff adequately stated his claims, his allegations still fail because they do not show that Defendant violated the FDCPA.

   **A.   Plaintiff's Amended Complaint lacks sufficient factual support.**

In giving Plaintiff a second chance to plead his case and guiding him in doing so, the Court prompted Plaintiff to provide more factual support and explained the standard set forth under *Iqbal* and *Twombly*. Doc. 6. The Court also provided Plaintiff several

examples of sufficient factual support. Doc. 6 at 3. Although these examples pertained to his original allegations, they were still instructive as to his new claims. In response, the Amended Complaint replaces the allegation that Defendant violated the FCRA by "refusing to remove inaccurate information . . ." from his credit reports (Doc. 1) with allegations that Defendant violated the FDCPA by continuing "to report negative information on all three Credit Reports . . . after being sent several Cease-and-Desist Letters"—that is the extent of the substantive changes. *See* Docs. 1-1 at 1, Doc. 10 at 2. This substitution provides no additional factual explanation for the purported statutory violation. For example, the dearth of factual support leaves open basic detail the Defendant would need to ascertain the nature of the claim and respond to it, such as what "negative information" was reported, when was it reported, how many times was it reported, when Plaintiff learned about the negative reporting, and whether Defendant attempted to collect on a debt owed directly to it or to another entity. Thus, Plaintiff still failed to offer sufficient factual support for his allegations, instead providing only "'naked assertion[s]' devoid of 'further factual enhancement'" and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555, 557). Doc. 10. While the Court interprets Plaintiff's Amended Complaint liberally, *Osahar*, 297 F. App'x at 864, it may not rewrite the pleading on his behalf. *Id.* (citing *GJR Invs., Inc.*, 132 F.3d at 1369).

Plaintiff later provided some factual support for his claims when he responded to Defendant's Motion to Dismiss, including several exhibits showing that Defendant purchased Plaintiff's debt, that Plaintiff sent Defendant cease-and-desist letters, and that

Plaintiff's credit score was negatively impacted. Doc. 16, Exhibits A–E. However, the Court directed Plaintiff to provide factual support in his Amended Complaint. Doc. 6. Because "the analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto[,]" the Court is disinclined to consider the evidence attached to Plaintiff's Response to Defendant's Motion to Dismiss. *Brooks*, 116 F.3d at 1368–69; *see also Jallali v. Nova Se. Univ., Inc.*, 486 F. App'x 765, 767 (11th Cir. 2012) (recognizing that a party cannot amend a complaint by attaching documents to a response to a motion to dismiss) (citing *Fin. Sec. Assur., Inc. v. Stephens, Inc.,* 500 F.3d 1276, 1284 (11th Cir. 2007)). Despite having a second chance to plead his claims and guidance in doing so, Plaintiff failed to adequately support his allegations. As such, dismissal is appropriate.

> **B.   Even assuming Plaintiff's claims are adequately supported and true, Plaintiff fails to state a plausible claim.**

The FDCPA was enacted, in part, "to eliminate abusive debt collection practices by debt collectors . . . ." 15 U.S.C. § 1692(e); *see Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 573 (2010). "To assert a claim under the FDCPA, a plaintiff must establish the following elements: '(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" *McCamey v. Capital Mgmt., Servs., LP*, No. 5:17-CV-1429-UJH-VEH, 2018 WL 3819828, at *1, *3 (N.D. Ala. Aug. 10, 2018) (citing *Buckentin v. Sun Tr. Mortg. Corp.*, 928 F. Supp. 2d 1273, 1294 (N.D. Ala. 2013)); *Janke v. Wells Fargo & Co.*, 805 F. Supp. 2d 1278, 1281 (M.D. Ala. 2011); *Ruth v. Tenen*, No. 3:12-CV4-WHA, 2012 WL

2135478, at *1, *2 (M.D. Ala. June 13, 2012). Plaintiff's FDCPA claims fail to state a claim because he has not established the last two elements—that Defendant is a debt collector or that it violated the FDCPA.[2]

Under 15 U.S.C. § 1692a(6), a "'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owned or due or asserted to be owed or due another. . . ." One who "regularly seeks to collect debts for its own account . . ." is not a debt collector under the FDCPA. *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1721 (2017) (holding that FDCPA does not apply to debt purchaser collecting on its own behalf but does apply to one who collects on behalf of another); *Davidson v. Capitol One Bank (USA), N.A.*, 797 F.3d 1309, 1315–16 (11th Cir. 2015). To state a claim under the FDCPA, a plaintiff "must plausibly allege sufficient factual content to enable the court to draw a reasonable inference" that the defendant "meets the FDCPA's definitions of 'debt collector' and is thus subject to the Act." *See Kurtzman v. Nationstar Mortg., LLC*, 709 F. App'x 655, 658–59 (11th Cir. 2017) (affirming lower court's dismissal because plaintiff's complaint "totally omits any factual content that would enable us to infer that [the defendant] qualifies as a debt collector."); *Quale v. Unifund CCR Partners*, No. 09-0519-CG-M, 2010 WL 1417903, at *1, *3–4 (S.D. Ala. Jan. 29, 2010) (holding defendant not

---

[2] While Plaintiff's Amended Complaint fails to address this, for purposes of this analysis, it appears Plaintiff could establish the first element required to state a claim under the FDCPA, because Exhibits A, B, and D to Plaintiff's response, if taken as true, show that Plaintiff is "the object of collection activity arising from consumer debt . . . ." *See* Docs. 16-1, 16-2, 16-4.

subject to FDCPA because plaintiff failed to allege defendant was debt collector under the Act).

There are no allegations in the Amended Complaint to plausibly suggest that Defendant was attempting to collect from Plaintiff a debt *on behalf of another*, and the Court cannot find that Defendant is subject to the FDCPA. *See Kurtzman*, 709 F. App'x at 658–59; *Quale*, 2010 WL 1417903, at *3–4. Accordingly, Plaintiff's allegations regarding Defendant's conduct after receipt of cease-and-desist letters do not "'state a claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see* 15 U.S.C. 1692c(c) (providing that a "*debt collector* shall not communicate further with the consumer . . ." after receiving a cease-and-desist letter) (emphasis added).[3]

Even if Defendant were a debt collector, Plaintiff has still failed to show that Defendant's alleged conduct states a claim for violating the FDCPA. The FDCPA forbids debt collectors from engaging in conduct "the natural consequence of which is to harass, oppress, or abuse any person with the collection of a debt." 15 U.S.C. § 1692d. A debt collector violates the FDCPA if it places false information on the consumer's credit report or continuously tries collecting a debt that it knew or should have known was not owed. *Randolph v. Ne. Legal Grp., LLC*, No. 2:12-CV-03800-HGD, 2014 WL 2819122, at "1, *4 (N.D. Ala., May 23, 2014).[4] Plaintiff does not allege that Defendant engaged in any

---

[3] The documents Plaintiff submitted in response to Defendant's Motion to Dismiss show that Plaintiff would, in any event, be unable to make these factual assertions. According to the documents, Defendant purchased Plaintiff's debt and sought to collect the debt for Defendant's own account . Doc. 16, Exhibits A–B, D.

[4] While the District Court rejected the Magistrate Judge's recommendation for the plaintiff's damages award, it accepted "the recommendations of the Magistrate Judge that the motion for summary judgment

culpable conduct under the FDCPA. Plaintiff merely alleges that Defendant continuously reported "derogatory" information on Plaintiff's credit report, causing "severe hardships and life opportunities denial." Doc. 10 at 2. Although Plaintiff characterizes the information reported by Defendant as derogatory, nothing in the FDCPA prohibits reporting non-payment of a debt, so the Court cannot "draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plaintiff does not allege facts to support an assertion, even if it had been made, that Defendant's actions were intended to harass, oppress, or abuse him in violation of the act. He does not allege that Defendant reported false information or tried collecting debts that it knew or should have known Plaintiff does not owe.[5]

## IV.   CONCLUSION

Accordingly, for the reasons set for above, the Magistrate Judge RECOMMENDS Defendant's Motion to Dismiss (Doc. 12) be GRANTED and this case be DISMISSED WITH PREJUDICE.

It is further ORDERED that by **May 9, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or

---

filed by Plaintiff . . . with respect to her claims under the Fair Debt Collection Practices Act. . . ." *Randolph v. Ne. Legal Grp., LLC*, No. 2:12-CV-03800-RDR, 2014 WL 2740309, at *1, *1 (N.D. Ala., June 16, 2014).
[5] Plaintiff's factual allegation that he had no contract with Defendant does not nudge his claim forward. The presence of a contract is unrelated to and does not assist Plaintiff in satisfying the required elements under the FDCPA: it does not prove that Plaintiff is the object of collection, that Defendant is a debt collector, or that Defendant violated the FDCPA.

general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 25th day of April, 2022.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE